IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee - In Re JOSEPH EDWARD
SLOAN, Debtor,

       Plaintiffs,

vs.                                          Civ. No. 00-702 BB/WWD ACE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Discovery [docket

no. 27] filed December 7, 2000.  Plaintiffs seek additional production in connection with requests

for production which read as follows:

> Request for Production No. 1:  Please provide Defendant Roberts'
> entire file, including the jacket involving any of the Plaintiffs and/or
> Defendant State Farm Insurance Company (SFI).
>
> Request for Production No. 2:  Please produce Defendant Roberts'
> complete files referring or relating in any way to the lawsuit
> involving Plaintiffs and SFI's [sic] including without limitation:  (a)
> all materials, faxes, electronic or computer data or information,
> letters, memoranda and other forms of written communication and
> written records or oral communications, whether in person or by
> telephone.
> (b) the file folders or containers in which the preceding documents
> are kept.

Defendant Randal W. Roberts responds asserting (1) that the motion to compel is untimely and (2) that Defendant Roberts has produced to Plaintiffs his entire file as requested. Inspection of the documents which were produced occurred on or about September 12, 2000. The motion to compel should have been served on or before October 2, 2000; i.e. within twenty days as set out in D.N.M. LR-Civ. 26.6. It was not served until December 7, 2000 which was well over the twenty day limit as Defendant Roberts would apply it. If I were comfortable with the Defendant's argument that "Defendant cannot produce what he does not have", this motion would be denied without delay. Unfortunately, I do not feel such comfort.

I wonder about time records and about reports, if any, which were sent to State Farm by Mr. Roberts in connection with the representation over which he is being sued. These documents, some of which would seem almost surely to exist, may not be a part of what of what Mr. Roberts considers responsive to the discovery sought; or he may indeed not keep copies of such documents. If such is the case, which would seem somewhat unusual, a response indicating that would be helpful. We have the ability to have these material produced by State Farm if State Farm is the only source. Under the circumstances I am not inclined to apply rigidly the time constraints of D.N.M. LR-Civ. 26.6.

**WHEREFORE,**

**IT IS ORDERED** that on or before January 24, 2001, Defendant Randall W. Roberts, Esquire, shall file a supplement response to Plaintiffs' Requests for Production Nos. 1 and 2, either producing the time records and other reports maintained in the law suit in question, or informing Plaintiffs that such records were not maintained; or, if they were maintained, what disposition was made of them and when such disposition was made.

-2-

**IT IS FURTHER ORDERED** that no sanctions shall be imposed at this time

_____
UNITED STATES MAGISTRATE JUDGE