IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee - In Re JOSEPH EDWARD SLOAN,
Debtor,

       Plaintiffs,

vs.                                                         Civ. No. 00-702 BB/WWD ACE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Defendant Roberts to Provide Answers as Ordered to Plaintiffs Discovery and for Sanctions [docket no. 128] filed March 16, 2001. This motion is a follow-up on a motion to compel income documents which was filed December 21, 2000. In an order entered February 5, 2001, I directed Defendant Roberts "on or before February 21, 2001 ... to serve responses, full and complete answers to interrogatories 6, 7, and 8 from Plaintiffs' first set of interrogatories." The interrogatories in question read as follows, to wit:

> Interrogatory No. 6: Please state the percentage of your practice is devoted to State Farm representation or representation of State Farm insureds for the past ten (10) years.
>
> Interrogatory No. 7: Please state how much money you or your firm has billed State Farm for the services rendered by you or your firm, including the costs incurred in that representation for the past ten (10) years.

-1-

Interrogatory No. 8:  Please state the amount of money paid by State Farm for the legal services and costs billed by you or your firm for the last ten (10) years.

Seven days after the February 21st date set in my order, Defendant Roberts certified that his supplemental answers were mailed to Plaintiffs.  Plaintiffs now complain that the supplemental answers sought to Interrogatories 6, 7, and 8 supplied by Defendant Roberts were "untimely, ... nonresponsive, incomplete, and failed to answer the interrogatories compelled."  The supplemental answers were indeed untimely in that they were seven days late.

I have reviewed the supplemental answers to the interrogatories in question, and I find that no particular attempt has been made to supply the sought information for any one of the past ten years.  Additionally, I find that the explanations given are in considerable part calculated to evade any direct response as to the amounts contained in the billing records sought.  In summary, I find that the belated responses to interrogatories 6, 7, and 8 are indeed inadequate, and that very little apparent effort has been made to develop any or part of the information sought.

Plaintiffs' argument for obtaining the information is based on the supposition that attorney Roberts, being frequently employed by Defendant State Farm, would show more loyalty to the insurance company than to an individual insured by that company whom he had been retained by the company to represent.  Based on this somewhat questionable argument, I have attempted, unsuccessfully I might add, to compel discovery which would disclose the nature of the financial relationship between State Farm and attorney Roberts or his firm.  Attorney Roberts is taking the position that he can neither produce, obtain, or derive the information sought in the aforementioned interrogatories.  There certainly might have been more artful ways for the Plaintiffs to utilize in trying to develop the information sought; nevertheless, at this juncture, I am

convinced that the route taken by the Plaintiffs will lead us nowhere, and that given the nature of the questions propounded, Defendant Roberts does not have in his control the information necessary to make meaningful responses to the interrogatories. I will not beat this dead horse any longer.

Plaintiffs' Motion to Compel Defendant Roberts to Provide Answers as Ordered to Plaintiffs' Discovery and for Sanctions [docket no. 128] should be denied.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE