IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee - IN RE JOSEPH EDWARD
SLOAN, Debtor,

        Plaintiffs,

vs.                                                  Civ. No. 00-702 BB/WWD ACE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order Regarding Depositions of Jim Murray and Laura Johnson Burke [docket no. 133] filed March 21, 2001. At the scheduling conference held July 19, 2000, Plaintiffs' counsel indicated that she would need to take up to 100 depositions. In the Initial Pretrial Report, parties were allowed to conduct discovery until March 16, 2001, a period of eight months. No depositions were scheduled by Plaintiffs until February 14, 2001. On March 14, 2001, counsel for State Farm received the Notice of Oral Videotape Deposition of Jim Murray and the "amended" Notice of Oral Videotape and Stenographic Deposition of Laura Johnson Burke with the depositions being scheduled for March 26, 2001, ten days after the close of discovery. On March 16, 2001, Plaintiffs filed a motion seeking to modify the pretrial scheduling order. D.N.M. LR-Civ. 30.1 requires that a notice of deposition be served at least fourteen calendar days before the scheduled deposition. State Farm alleges that Plaintiffs also failed to "confer in good faith regarding scheduling of depositions before serving notice of

deposition" as required by D.N.M. LR-Civ. 30.1.  Plaintiffs' response to the motion now being considered attacks the litigation tactics of State Farm, sets out certain case law concerning federal and state discovery, and makes various assertions concerning constitutional law, New Mexico statutory requirements for insurance claims, and a would-be response to State Farm's objection which refers to "Gary Fye's affidavit attached to Plaintiffs' other responses", and makes certain responses to other objections raised by State Farm.  The twenty-two page affidavit of Gary T. Fye is attached as Exhibit G to Plaintiff's Response and Memorandum in Support Regarding Defendant State Farm's Motion for Protective Order Regarding the Deposition of Laura Johnson Burke (docket no. 188) filed April 4, 2001.

I do not deny the possibility that State Farm has engaged in delaying tactics, and that the question may be revisited; however, even if there have been dilatory tactics, Plaintiffs are not justified in ignoring the orders and rules of this Court.  The notices of deposition to Jim Murray and Laura Johnson Burke were untimely and were not in accordance with the orders and rules of the Court as set out above.

**WHEREFORE,**

**IT IS ORDERED** that the Motion for Protective Order Regarding Depositions of Jim Murray and Laura Johnson Burke [docket no. 133] be, and it is hereby, GRANTED; and the depositions of those persons purportedly set by the notices of depositions served in untimely fashion are hereby vacated.

**IT IS FURTHER ORDERED** that the portion of Defendant's Motion for Protective Order regarding deposition of Laura Johnson Burke which deals with the striking of the affidavit of Gary Fye be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE