IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee - In Re JOSEPH EDWARD SLOAN,
Debtor,

      Plaintiffs,

vs.                                                                      Civ. No. 00-702 BB/WWD ACE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon Plaintiffs' Motion to Compel State Farm's Responses to Request for Production filed March 26, 2001 [docket no. 156]. The request for production in question covers 62 pages and consists of 104 separate requests. The response to 103 of the 104 requests begin with the single word "objection". The response to request no. 32 begins with "This Request is not relevant to the claims presently at issue, ...." The response goes on to make numerous objections to the sought production although the word "objection" is not used in the response. Plaintiffs' motion states that "Defendants repeatedly object to the Request for Production, and state '[w]ithout waiving this objection, see the nonprivilege portion of the claims file (previously produced) that contains documents responsive to this Request.'" Plaintiffs fail to list the request item which contained this language; apparently expecting the Court to comb through the 62 pages of the request to ferret out the particular items which contain this language. Plaintiffs complain about Defendant State Farm raising an attorney/client privilege objection 37 times, again with no specific reference to the items in which such an objection is made. Instead, in their motion, Plaintiffs go into the impropriety of hiding documents behind the attorney/client privilege citing materials from tobacco litigation and other

-1-

insurance company litigation. Again it appears that Plaintiffs would have the Court comb through the 62 page request to determine which of the individual items contained an assertion of attorney/client privilege, and, possibly, which of those assertions were improperly made.

There may indeed be abuses on the part of State Farm; however, Plaintiffs have failed to point out specific responses in which such abuses occurred. Plaintiffs' approach of dumping a massive request into the Court's lap and then inviting the Court to sort it out is not acceptable. Accordingly, Plaintiffs' Motion to Compel State Farm's Responses to Request for Production [docket no. 156] will be denied.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE