FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
SEP 17 2001
[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee - In re JOSEPH EDWARD SLOAN, Debtor,

      Plaintiffs,

vs.                                                                No. CIV 00 702 BB/WWD (ACE)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.,

      Defendants.

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' DAUBERT MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT TONY SCHRADER REGARDING INSURANCE BAD FAITH

Plaintiffs, by and through their attorneys of record, Vigil & Vigil, P.A. (Lisa K. Vigil, Esq.) and Steve Vogel, Esq., hereby submit the following memorandum of law in support of their Daubert Motion seeking the exclusion of expert testimony of Tony Schrader regarding the handling of bad faith cases in New Mexico. Defense Expert Tony Schrader, Esq. is not qualified under Fed.R.Evid. 702 to testify or render any opinions on the issue of insurance bad faith, compliance or noncompliance with New Mexico state law, as well as insurance industry claims, practices and standards. Mr. Schrader has already testified that he lacks any specialized knowledge of the law governing the handling of bad faith cases in New Mexico and he will not opine on the legal standard governing the standard in the insurance industry for bad faith.

1



## ARGUMENT & AUTHORITY

I. TONY SCHRADER IS UNQUALIFIED TO TESTIFY AS AN EXPERT ON INSURANCE BAD FAITH AND RECOGNIZED STANDARDS IN THE INSURANCE INDUSTRY.

Two requirements must be satisfied before the court may permit a witness to testify as an expert. *See City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 586 (10th Cir. 1998). First, the witness must truly be an expert. *See* Fed. R. Evid. 702. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Second, the testimony of the expert must assist the jury. *Id.* Applying the two part analysis of Rule 702, the court must first determine whether Mr. Schrader has any special knowledge, skill, experience, training or education sufficient to qualify him as an expert on insurance industry claims, practices, standards, and the applicable New Mexico law governing insurance bad faith. As evidenced by the deposition testimony, Mr. Schrader lacks any knowledge regarding the applicable law controlling bad faith in New Mexico. For example, when asked "[w]hat's the definition of insurance good faith and fair dealing?" Mr. Schrader testified:

> It is the definition that is found in the case law of the var–whatever state that you're looking at and applied to whatever fact situation you have. But, generally, it contemplates first of all, that it is a first party case; secondly that there is–although some states do by statute have third-

> party bad faith, that there be no unreasonable delay or unreasonable denial, no failure to investigate claims. Those are the sorts of case law standards that you find from state to state. Generally, the case law will talk about the –special relationship between the parties and then equal bargaining power at the time the policy is purchased.

See Exhibit "A"(Deposition testimony of Mr. Schrader p. 114, l.17-p.115 l.8). Additionally, when asked whether "it would have been wrong for State Farm to consider its own interest ahead of Joe Sloan's?," Mr Schrader testified that "You're asking me to opine about what the law is here, what - - what the judge will instruct the jury as to what the law will be." See Exhibit "A" at p.118, l.8-l.14. Finally, Mr. Schrader summarized his complete lack of knowledge on New Mexico insurance bad faith law as well as insurance standards and practices by testifying that "[m]y opinion is that the standard in the industry is to follow the case law in a particular jurisdiction, and in any event, in this case, it didn't happen. So I'm not – I'm not opining on the – on the case law standard." See Exhibit "A" at p.118, l.21-l.25.

Mr. Schrader's deposition testimony illustrates his complete lack of knowledge regarding the legal standard for insurance bad faith in New Mexico as well as compliance or violation of these legal requirements by State Farm in this instant. Additionally, his testimony shows that Mr. Schrader possesses a limited "general knowledge" regarding insurance industry claims, practices, and standards. General knowledge in these areas fails to qualify him as an expert witness under Rule 702. Mr. Schrader's "general knowledge" is analogous to the expert excluded in *Hobbs v. Hartford Ins. Co.*, 162 F.3d 576 (10th Cir. 1998). In *Hobbs*, the trial court was presented with a daubert challenge to an expert

3

witness' testimony. The trial court, applying Rule 702, determined that the expert "lacked specialized knowledge on New Mexico bad faith cases and his experience was with first party, not third party insurance disputes." *Id.* at 587. On appeal, the Tenth Circuit upheld the trial court's ruling excluding the experts testimony concluding that "[t]hough a proffered expert possess knowledge as to a general field, the expert who lacks specific knowledge does not necessarily assist the jury. *Id.* Similarly here, Mr. Schrader lacks knowledge specific to New Mexico, the applicable laws and the standards in the state for the handling of first party bad faith claims against the insurer. His lack of knowledge for the legal standard coupled by his limited general knowledge of industry standards fails to satisfy the first prong of Rule 702, Mr. Schrader is not an expert in his field.

Moreover, with respect to the second prong, whether the proffered testimony will assist the jury, Mr. Schrader has already testified under oath that he is "not here to define bad faith or good faith in New Mexico," rather his employment as an expert is solely limited to whether State Farm acted reasonably. *See* Exhibit "A" at p.115, l.11-l.25. Thus, Mr. Schrader unequivically admits he lacks the expertise and relevant knowledge to assist the jury on the issues of insurance bad faith as well as the applicable standards in the industry. Mr. Schrader's testimony regarding the issue of insurance bad faith, insurance industry claims, practices and standards. should be excluded. Not only does his testimony fail to qualify as expert testimony, it lacks any specialized knowledge that will assist the jury in their determination.

    II.    TONY SCHRADER'S OPINIONS REGARDING INSURANCE BAD FAITH FURTHER FAIL TO SATISFY THE

*DAUBERT/KUHMO* TIRE RELIABILITY TEST.

Incorporated within the letter and spirit of Rule 702 is the delegation of the role of gatekeeper to the trial court to ensure that only expert testimony that is both reliable and relevant is admitted. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "This gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and applicable to a particular set of facts." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir.2000) (citing *Daubert*, 509 U.S. at 592). This inquiry is "a flexible one," not governed by "a definitive checklist or test," *Daubert*, at 593-4, however, pertinent factors for inquiry include whether the expert's theory or technique (1) "can be (and has been) tested"; (2) "has been subjected to peer review and publication"; (3) has a "known or potential rate of error" with "standards controlling the technique's operation," and; (4) enjoys "widespread acceptance" in the relevant scientific community. *Id.* at 593-94. In this case, the challenged expert is not a scientific expert, but as established in *Kumho Tire Co., Ltd. v. Carmichael*, the "gatekeeping" requirement set forth in *Daubert* "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 119 S.Ct. 1167, 1171 (1999) (citation omitted). Thus, here the *Daubert* factors provide guidance for exclusion of Mr. Schrader's proffered testimony. Additionally, Mr. Schrader's testimony must establish that "whether basing testimony upon professional studies or personal experience, [Mr. Schrader] employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in

the relevant field." *Id.* at 1176.

Here, the "relevant discipline" involves determining whether specific conduct by State Farm breached its duty of good faith and fair dealing, in light of prevailing insurance industry standards and applicable law. In order to make this determination, a bad faith expert must rely on his or her knowledge of insurance industry practices and policies and the claims handling requirements imposed by the covenant of good faith and fair dealing coupled by the applicable and controlling legal standards governing bad faith and good faith of the forum state, New Mexico. Mr. Schrader lacks the knowledge and ability to do this. His opinions, lacking legal foundation to determine compliance with New Mexico standards in the insurance industry regarding good faith and fair dealing, result in incomplete, unreliable opinions which fail to "employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 1176.

Plaintiffs in this case have accused Defendant State Farm of breaching its contractual duty to their insured, Mr. Sloan, acting in bad faith by engaging in wrongful claim handling, including misrepresenting to Mr. Sloan the applicable policy limits, refusing to accept settlement within policy limits, pressing the case to trial knowing that they were financially hanging their insured, Joe Sloan, out to dry. Plaintiffs further allege that Defendant State Farm was confused as to what insurance policy was in effect, ignored their duty to their client and placed their own financial interests above him, replacing the certified policy with a policy form that was more financially favorable to State Farm and detrimental to Plaintiff Sloan. When asked questions regarding these allegations, Mr.

Schrader's testimony was that "[m]y opinion is that the standard in the industry is to follow the case law in a particular jurisdiction, and in any event, in this case, it didn't happen. So I'm not – I'm not opining on the – on the case law standard." See Exhibit "A" at p.118, l.21-l.25. Mr. Schrader does not know the standard in the industry for New Mexico so he cannot offer an opinion on whether State Farm acted appropriately in good faith. Furthermore, Mr. Schrader's testimony lacks underlying knowledge to support his opinions. He attempts to opine that State Farm's actions where not in bad faith; however he lacks the personal knowledge, experience, or familiarity with New Mexico standards to make these opinions. Whether an insurance company has acted in bad faith is dependent upon the legal standard and elements adopted by New Mexico state law. Repeatedly, Mr. Schrader testified that he was unfamiliar with the standards. *See* Exhibit "A" (p. 114, l.17-p.115, l.3, p. 118, l. 11-l.25, p.119, l.1-l.21, p.135, l.3-l.5, p.141, l.1-l.19.) When asked whether State Farm had a fiduciary duty to Mr. Sloan in the handling of the Shelton claims, Mr. Schrader was unable to determine whether a duty existed or not because he didn't know the law in New Mexico. *Id.* at p.141, l.1-l.19. Obviously, Mr. Schrader possess no heightened knowledge above and beyond that of the jury regarding the handling of the claims at issue in this case by Defendant State Farm. Thus, under *Kumho Tire*, Mr. Schrader lacks "professional studies or personal experience which employed in the courtroom are the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 1176. His testimony on complaince with insurance standards of good faith and fair dealing on behalf of Defendant State Farm will not offer any

7

knowledge to assist the jury that is relevant, reliable, or appropriate. Additionally, under *Daubert* factors Mr. Schrader's testimony should also be excluded because he has not subjected his opinions to publication or peer review not have his opinions have not bee tested or accepted in the community.

## CONCLUSION

Mr. Schrader's deposition testimony illustrates his complete lack of knowledge regarding the legal standard for insurance bad faith in New Mexico as well as compliance or violation of these legal requirements by State Farm in this instant. Additionally, his testimony shows that Mr. Schrader possesses a limited "general knowledge" regarding insurance industry claims, practices, and standards. General knowledge in these areas fails to qualify him as an expert witness under Rule 702. Mr. Schrader's testimony as an expert fails to satisfy *Daubert* and *Kumho Tire*. Mr. Schrader does <u>NOT</u> know what the standards are for insurance bad faith and therefore, his bad faith testimony lacks foundation. Moreover, lacking the knowledge necessary in the area of insurance bad faith in New Mexico, he cannot opine about whether State Farm complied with or violated the standards for insurance bad faith in the handling of the claim against Mr. Sloan by the Shelton family. Mr. Schrader's opinions should be excluded under these cases because his testimony is incomplete, lacks foundation, the necessary specialized knowledge and is ultimately flawed and unreliable.

Respectfully submitted,

VIGIL & VIGIL, P.A.
2014 Central Ave., S.W.
Albuquerque, New Mexico 87104
(505) 243-1706

*Amalia A. Lucero*
_____
LISA K. VIGIL
Attorneys for Plaintiffs

-and-

STEVEN VOGEL, ESQ.
1801 Rio Grande Blvd
Albuquerque, New Mexico 87104
Attorneys for Plaintiffs

I hereby certify that a true and correct copy of the foregoing pleading was forwarded by regular mail to opposing counsel of record this 17th day of September, 2001.

*Amalia A. Lucero*
_____
Lisa K. Vigil, Esq.

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.