IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

SEP 21 2001

CLERK

JOSEPH EDWARD SLOAN, BRYON Z. MOLDO,
Chapter 7 Trustee – In re JOSEPH EDWARD SLOAN, Debtor

Plaintiffs,

vs.                                              No. CIV 00 702 BB/WWD  ACE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
and RANDAL W. ROBERTS, ESQ.

Defendants.

## RESPONSE IN OPPOSITION TO PLAINTIFFS' DAUBERT MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT TONY SCHRADER REGARDING INSURANCE BAD FAITH

The Plaintiffs have moved this Court to exclude the testimony of Tony Schrader, Esq., the expert witness for Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs' Motion should be denied.

### I.  Plaintiffs Offer no Reasonable Basis to Exclude the Testimony of Mr. Schrader

The Plaintiffs offer two general arguments in support of their Motion to exclude the testimony of Tony Schrader, Esq. Neither argument has any merit.

**A.   It is inappropriate for an expert to render an "opinion" on the applicable law**

As the first basis for their Motion, the Plaintiffs argue that Mr. Schrader lacks "knowledge concerning the legal standard for insurance bad faith in New Mexico," and will be unable to assist the jury concerning the legal standard to be applied.



(Memorandum brief, pg. 3-4) First, it is black-letter law that an expert may not testify about the applicable principles of law. *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988).

> In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge. Accordingly, expert testimony on such purely legal issues is rarely admissible.

*Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997)

The role of an expert is to interpret and analyze the factual evidence and not to testify about the law. *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996); *Whitmill v. City of Philadelphia*, 29 F.Supp. 2d 241, 246 (E.D. Penn. 1998) ("As a general rule an expert's testimony on issues of law is inadmissible."); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.")

The danger of allowing expert testimony on issues of law "is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge – surely an inadmissible inference in our system of law." *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 512 (2d Cir. 1977), *cert. denied*, 434 U.S. 861 (1977).

Clearly, it is inappropriate for Mr. Schrader to testify about the law. Attempts to exclude him on this ground are equally inappropriate and the Court should decline to consider Plaintiffs' argument.

Second, Plaintiffs' argument is simply incorrect. During his deposition, Mr. Schrader attempted to avoid giving testimony on the law, knowing that to be inappropriate for an expert witness. Instead, he kept reminding Plaintiffs' counsel that he intended to testify about whether State Farm acted reasonably under the circumstances.

2

(See, Plaintiffs' Exhibit A to Memorandum, Deposition of T. Schrader, pg. 115, lines 22-25) The subject matter of Mr. Schrader's planned expert testimony is appropriate for an expert witness. Plaintiffs' Motion should be denied.

### B. Plaintiffs fail to offer any evidence that Mr. Schrader does not satisfy the *Daubert* criteria

As the second prong of their attack, Plaintiffs argue that Mr. Schrader does not satisfy the criteria set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Plaintiffs fail to identify any specific area or issue on which Mr. Schrader's testimony is suspect, and have failed to do a *Daubert* analysis of Mr. Schrader's opinions. The Plaintiffs fail to offer any discussion or analysis about whether or how Mr. Schrader's opinions have been tested, no discussion or analysis of whether or how Mr. Schrader's opinion has been subjected to peer review, no discussion or analysis of whether or how standards apply to Mr. Schrader's testimony that would control or limit a potential rate of error, and finally, no discussion or analysis about whether Mr. Schrader's opinion enjoys widespread acceptance in the relevant community.

Instead, the Plaintiffs rely solely on their argument that Mr. Schrader is lacks sufficient knowledge to testify on matters of law. But, as argued above, it is improper for an expert to testify concerning principles of law. *Nieves-Villanueva*, 133 F.3d at 99 ("It is black-letter law that 'it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'") Mr. Schrader's reluctance to testify about "the law" is not caused by a lack of knowledge, but rather by an understanding that it is inappropriate for an expert to testify on legal issues.

The *Daubert* analysis is more appropriately directed to the opinions intended to be offered by an expert witness. The Plaintiffs fail utterly to address any of Mr. Schrader's

opinions. Perhaps they recognize that Mr. Schrader is qualified to render the opinions he has given, that those opinions will assist the jury in understanding this complex insurance case, and those opinions generally enjoy wide acceptance in the relevant community. The only issue upon which Plaintiffs attempt to attack Mr. Schrader is his reluctance to testify about legal issues.

The Court should decline to consider Plaintiff's argument concerning their faulty Daubert analysis.

## CONCLUSION

Plaintiffs' Motion to exclude the expert testimony of Tony Schrader, Esq. should be denied. It is inappropriate for an expert to testify about legal issues, and Plaintiffs' attempts to exclude Mr. Schrader on this basis is inappropriate. In addition, Plaintiffs' offer no reasonable basis to exclude Mr. Schrader's testimony under a *Daubert* analysis. State Farm respectfully requests this Court to deny Plaintiffs' Motion.

GUEBERT, BRUCKNER & BOOTES, P.C.

By _____
Terry R. Guebert
RaMona G. Bootes
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
Attorneys for Defendant State Farm

This is to certify that a copy of the foregoing Response in Opposition to Plaintiffs' Daubert Motion to Exclude Testimony of Defendant's Expert Tony Schrader Regarding Insurance Bad Faith, was mailed to:

Lisa K. Vigil, Esq.
2014 Central Ave., S.W.
Albuquerque, NM 87104

Steven J. Vogel, Esq.
1801 Rio Grande Blvd., N.W.
Albuquerque, NM 87104

this 21st day of September, 2001.

*[signature]*
0100.890bf\Daubert rsp

5