**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 6 2001

*Robert M. March*
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN

    Plaintiff,

vs.    CV. 00-702 BB/WWD

STATE FARM AUTOMOBILE INSURANCE CO., et al.,

    Defendant.

## ORDER ON MOTIONS IN LIMINE AND OBJECTIONS TO EXHIBITS

| <u>Plaintiffs'</u> Objections and Motions in Limine |||
|---|---|---|
| **Pleading** | **Doc. No.** | **Ruling** |
| 1.) Objections to D/Trial Exhibits, filed 9-17-01. | 330 | Original D and E provided to plaintiff; D and E will be **admitted**. |
| 2.) Motion in Limine--Contingency Agreement with Plaintiffs, filed 9-12-01 | 306 | Defense agrees not to mention contingency fee agreement. With respect to plaintiff's intention to use bankruptcy order to show that plaintiff's attorneys did not manufacture claim of bad faith, Court states that ruling on admission of order is premature at this time; trial judge will need to decide during the trial within the factual context of testimony. |
| 3.) Motion in Limine-Tammy Skerston Testimony, filed 9-17-01 | 331 | Skerston will not testify per plaintiff so the **motion is MOOT**. |
| 4.) Motion in Limine--Exclude State Farm's witnesses who were not deposed during discovery, filed 9-17-01 | 332 | Issue has been previously disposed of and is therefore **MOOT** |
| 5.) Motion in Limine--Daubert--to Exclude Testimony of Expert Tony Schader re: Bad Faith, filed 9-17-01 | 338 | Court finds witness qualified under R 702 but witness Schrader's testimony is limited to the opinions he has previously given in this litigation in Rule 26 reports and depositions and he will not be allowed to testify on legal duties but only industry standards. |
| 6.) Motion in Limine--Roberts involvement as defendant in this case, filed 9-17-01 | 334 | Court: **GRANTED** insofar as there is to be no mention of Roberts involvement as defendant. Trial judge may at his discretion advise jury that the attorney/client privilege has been waived. |

1



| **Defendant's** Objections and Motions in Limine |||
|---|---|---|
| **Pleading** | **Doc. No.** | **Ruling** |
| 1.) Objections to Deposition designations, filed 9-17-01 | 329 | Not addressed |
| 2.) Objections to P/Exhibits, filed 9-17-01 | 309 | **Plaintiff's Exhibit 8:** Denies pretrial admission of Guebert letter; may be appropriate as evidence develops at trial; **Exhibit 36:** Court: will not admit it pretrial but it may come in if relevance and foundation established at trial; **Exhibit 38:** sustains pretrial objection-not relevant at this point; **Exhibit 39:** not admitted pretrial; **Exhibit 43:** (objection-relevance) not admitted pretrial, may be tendered at trial |
| 3.) Motion in Limine--Choice of Law, filed 9-17-01 | 324 | Court will not pre-admit Haney case as jury more likely confused than edified; the tort law to be applied in this case is New Mexico and the contract law to be applied in this case is California |
| 4.) Motion in Limine--exclude expert opinion re: ambiguity in insurance contract, filed 9-17-01 | 323 | Court: Witness Allen cannot testify as to whether the insurance contract was ambiguous as this is a jury question and he must limit his testimony to his Rule 26 reports and deposition. |
| 5.) Motion in Limine--exclude opinion of Garth Allen, filed 9-17-01 | 311 | Court: witness Allen can testify re: 1) rules, standards and practices of insurance industry; 2) how those standards were used to properly evaluate claims; 3) his opinion of whether the industry standards were violated by specific conduct; 4) and whether Sloan should have been told that no procedure was in place. Further, witness will limit his testimony to those opinions he has expressed previously in this case in his Rule 26 report or deposition. |
| 6.) Motion in Limine--exclude evidence of payments to Randal W. Roberts, filed 9-17-01 | 321 | Motion **DENIED** |
| 7.) Motion in Limine--exclude evidence and argument re: P/claims for violation of Unfair Insurance Practices Act, filed 9-17-01 | 320 | Motion **WITHDRAWN** by defense counsel |

| Defendant's Objections and Motions in Limine | | |
|---|---|---|
| 8.) Motion in Limine--exclude evidence and argument on P/claims for failure to communicate, filed 9-17-01 | 319 | Motion **DENIED**. |
| 9.) Motion in Limine--exclude testimony on plaintiff Sloan's claim for Loss of Individual retirement account, filed 9-17-01 | 318 | Motion **DENIED at this time**; This motion is more appropriately handled as a rule 50 motion; defendant may raise it again after plaintiff's case-in-chief |
| 10.) Motion in Limine--exclude the testimony on P/hedonic damages claim, filed 9-17-01. | 317 | **MOOT** by agreement of parties |
| 11.) Motion in Limine--exclude testimony on P/claims for mental anguish and emotional distress, filed 9-17-01. | 315 | Motion **MOOT** by agreement of parties. |
| 12.) Motion in Limine--exclude testimony on P/claims of intentional infliction of emotional distress damages, filed 9-17-01. | 313 | Motion **DENIED at this time**; defendant may renew motion at the end of plaintiff's case-in-chief under Rule 50. |
| 13.) Motion in Limine--exclude evidence or argument re: status of payment of the underlying judgment in favor of Heider children, filed 9-17-01 | 326 | Motion **GRANTED**. This evidence is excluded under 403. Lawyers are not to go into prior state court jury verdict that was set aside, state court settlement, of state court appeals, or children's settlement during trial. |
| 14.) Motion in Limine--exclude evidence of Garth Allen previously testifying for State Farm, filed 9-17-01 | 328 | Motion **DENIED**. |
| 15.) Motion in Limine--exclude the testimony and argument on State Farm's vicarious liability for alleged negligence of Defendant Roberts, filed 9-17-01 | 325 | Motion **DENIED**. |

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

3