IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH EDWARD SLOAN, BRYON Z.
MOLDO, Chapter 7 Trustee -- In re Joseph
Edward Sloan, Debtor,

        Plaintiffs,

v.        No. CIV 00-702 BB/WWD

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFFS' OBJECTION TO COST ASSESSMENT

THIS MATTER is before the Court on Plaintiffs' Objection to Clerk's Assessment of Costs (#420), and the Court having considered the briefs of counsel and being otherwise informed, will Affirm the Assessment.

*Discussion*

I.    **Expert Witness Fees**

On March 27, 2002, the Clerk of the Court issued an Order Settling Costs denying $7,600.41 of Plaintiffs' costs. Plaintiffs object to the Clerk's denial of taxable costs for their expert witness in this case, Garth Allen. The denied costs are (a) Allen's fees of $3,110.50 at the rate of $140.00 per hour for 22.21 hours for preparation for deposition; (b) witness fees for deposition of $1,148.00 at the rate of $140.00 per hour for

8.2 hours, and (c) travel fee for trial in the amount of $422.20 (mileage: 660 miles @ 32¢ one way) to Albuquerque from Greeley, Colorado. Plaintiffs ignore the clear limitations imposed by D.N.M.LR-Civ. 54.1(c)(2) and 28 U.S.C. § 1920 which limit recovery of these costs. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987), the United States Supreme Court held that costs for experts, other than those appointed by the Court, are generally taxable to the same extent as any other fact witness. *See also Miller v. Cudahy Co.*, 858 F.2d 1449 (10th. Cir. 1988). Thus, recoverable costs do not include expert deposition preparation or "expert witness fees in excess of the standard daily witness fee." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457-8 (3d Cir. 2000); *DeRoburt v. Gannett Co.*, 558 F. Supp. 1223 (D. Haw. 1983). This is also reflected in the Local Rule, which states that "[a]n expert witness not appointed by the Court will be paid the same fee as a lay witness." D.N.M.LR-Civ. 54.2(c)(2). Moreover, as Defendant points out, they paid the full invoice Mr. Allen sent State Farm for his deposition fee.

## II. Copies of Papers and Maps, Charts, and Photos

### A. Demonstrative Exhibits

The Court's inquiry in awarding or denying the reasonable costs of preparing maps, charts, graphs, exhibits, etc., depends on a factual evaluation to determine whether the items were necessarily obtained for use in the case. *Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th. Cir. 1974). Plaintiffs claim the $79.36 was incurred to enlarge copies of certain admitted exhibits which were referred to throughout the trial.

Even though these matters are better settled pre-trial, the cost of preparing models, drawings, charts, photographs or other demonstrative exhibits are frequently awarded the prevailing party. *Harrington v. Texaco, Inc.*, 339 F.2d 814 (5th Cir. 1964); *Nelson v. Darragh Co.*, 120 F.R.D. 517 (W.D. Ark. 1988). Since Defendant does not challenge the fact such demonstrative exhibits were an aid to the jury, this cost will be allowed.

    B.    <u>Video Capture</u>

The general rule is that video depositions will not be taxed as costs unless previously authorized by the Court. *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508 (N.D. Tex. 1996), *aff'd in part, rev'd in part*, 135 F.3d 1041 (5th Cir. 1998); *Garonzik v. Diner*, 910 F. Supp. 167 (D.N.J. 1995); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149 (S.D. Miss. 1994). Not only did Judge Williams not authorize use of videotape depositions, it appears he all but forbid their use. The Clerk's order will be affirmed as to this cost.

#### O R D E R

The Clerk's Order Settling Costs is affirmed except for the $79.36 for the demonstrative exhibits used at trial.

**DATED at Albuquerque this 21st day of May, 2002.**

                                          */s/ Bruce D. Black*
                                          **BRUCE D. BLACK**
                                          **United States District Judge**

**Counsel for Plaintiffs:**
    Lisa K. Vigil, Amalia S. Lucero, VIGIL & VIGIL, Albuquerque, NM
    Steven Vogel, Albuquerque, NM

**Counsel for Defendant:**
    Terry R. Guebert, RaMona G. Bootes, GUEBERT BRUCKNER & BOOTES, Albuquerque, NM