IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 3 2002

*Robert M. March*

CLERK

JOSEPH EDWARD SLOAN, BRYON Z.
MOLDO, Chapter 7 Trustee -- In re Joseph
Edward Sloan, Debtor,

Plaintiffs,

v.

No. CIV 00-702 BB/WWD

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

Defendant.

## MEMORANDUM OPINION
### AND
### ORDER ON ATTORNEY'S FEES

THIS MATTER comes before the Court on Plaintiffs' Objection to Magistrate

Deaton's Proposed Findings [#431]. While the Court would be inclined to investigate

the hourly rates requested, Judge Deaton's Proposed Findings contain no plain error.

Because Plaintiffs' counsel failed to file timely objections and indeed represented to the

Court no objection would be filed, no further review of the record is required.

### *Plaintiffs' objections are not timely*

Chief Magistrate Judge William Deaton filed his Proposed Findings and

Recommendation on April 17, 2002. On April 29, 2002, Plaintiffs' counsel, Lisa Vigil,

sent a strong letter to Judge Deaton, with a copy to this Court, challenging his



Proposed Findings as an attack on her character. (Letter attached as Exhibit A).

Plaintiffs' counsel concludes:

> I will not be filing an objection because it would give Mr. Guebert a second opportunity to attack and cause a potentially bigger loss. I am not writing to ask that you reconsider your Findings concerning my fees.

Ex. A at 3.

The same day Plaintiffs' counsel filed a motion seeking review and revision of Judge Deaton's Proposed Findings. Judge Deaton denied this motion. On May 1, 2002, fourteen days after the Proposed Findings were filed, Plaintiffs filed objections to the Proposed Findings.

Federal Rule of Civil Procedure 72(b) provides "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Since Judge Deaton's Proposed Findings were filed April 17, 2002, the ten-day time limit for filing objections would normally expire April 27, 2002.[1] Excluding weekend days, as required by Federal Rules of Civil Procedure 6, Plaintiffs' objections were due April 30. *See CNPq-Conselho Nacional v. Inter-Trade, Inc.*, 50 F.3d 56 (D.C. Cir. 1995). The rule that a failure to file timely objections to the magistrate's recommendation is a waiver of appellate review applies at the district, as well as the circuit, court level. *In re Key Energy, Inc.*, 230 F.3d 1197 (10th Cir. 2000); *Theede v. United States Dept. of*

---

[1] The parties agreed to electronic transmission, so pursuant to D.N.M.LR-Civ. 5.6, service of the Proposed Findings was effective on April 17, 2002.

*Labor*, 172 F.3d 1262 (10th. Cir. 1999). Application of this rule in the present case is especially appropriate since Plaintiffs' counsel wrote a letter to the Court on the day objections were due and expressly disavowed any intention to file any such objection.

## ORDER

For the above stated reasons, the Court will not consider Plaintiffs' objections to Magistrate Deaton's Proposed Findings and adopts the same.

DATED at Albuquerque this 30th day of May, 2002.

BRUCE D. BLACK
United States District Judge

Counsel for Plaintiffs:
    Lisa K. Vigil, Amalia S. Lucero, VIGIL & VIGIL, Albuquerque, NM
    Steven Vogel, Albuquerque, NM

Counsel for Defendant:
    Terry R. Guebert, RaMona G. Bootes, GUEBERT BRUCKNER & BOOTES, Albuquerque, NM

# VIGIL & VIGIL
A Professional Association

ATTORNEYS AT LAW

CENTRAL LAW BUILDING
2014 Central Avenue Southwest
Albuquerque, New Mexico 87104

TELEPHONE: (505) 243-1706
FACSIMILE: (505) 842-1848

LISA K. VIGIL

E-Mail: lisa@vigillawfirm.com

HAND-DELIVERED

April 29, 2002

The Honorable William W. Deaton, Jr.
United States District Court
    for the District of New Mexico
333 Lomas Blvd., N.W. #670
Albuquerque, New Mexico 87102-2205

Re:   *Joseph Edward Sloan, et al. vs. State Farm Mutual Automobile Insurance Company;* CIV 00-702-BB/WWD

Dear Judge Deaton;

I am sorry for the loss of your father-in-law. I hope that you and Judge Rivera are finding peace in his passing. I initially wrote this letter prior to your personal time away. I am sending it to you unaltered, though it feels a bit harsh given your recent events. It is important to me that you understand that your characterization of me in your Findings and Recommendations regarding the attorneys fees request is incorrect, as hopefully the remainder of the letter will prove.

---

I was mortified when I read your Proposed Findings concerning my attorney's fee request. Perhaps, I am not supposed to have a reaction to your accusation against my character, but apparently failing to personally rebut opposing counsel's "unfavorable references" against me has caused this predicament and I do not intend to let it lie.

You were in error challenging my candor to this Court or stating that I excessively billed. The first instance cited concerned the work I did prior to the entry of the bankruptcy court's order appointing me as special counsel for the trustee. As you will recall, there are two clients, the debtor, Joseph Sloan, and the trustee is the second Plaintiff representing the bankruptcy estate. My appointment by the bankruptcy court was to represent only the Estate. The 47 hours it took over months to review more than 6 years of previous work on the case and the law involved to prepare the case,

*EXHIBIT A*

research into the Defendant and the procedural requirements to be appointed as special counsel for the bankruptcy was minimized. The 47 hours over months time was justified and I actually under-billed the time spent.

The second item you cited: "Defendant also questions the 3.6 hours (footnote 1, attorney Vogel spent 4/10s to do the same work) spent on March 14, 2001, by Ms. Vigil to review nine one-paragraph notices of Non Appearance." The Defendant's position would have been in obvious error had the Court looked at my time sheet. The page at issue is attached for review, as it was to my fee request. It states 9 separate entries for review of individual Notices of Non-Appearance of Rule 30(b)(6) representative (i.e. on the Issue of State Farm's Electronic Audit), Motion for Protective Order and Memorandum Brief in Support of Motion for Protective Order Regarding Rule 30(b)(6) Deposition Concerning the Issue of State Farm's Electronic Audit for .4 of time. I have attached the 9 sets of documents I reviewed for the 3.6 I feel a responsibility to read every piece of paper filed. In addition, I make an initial response to the areas that are raised for each submission, get a basic understanding of the law stated and provide my initial response and strategy to my associate so that she can draft the response, which I will finalize. I read through one of the 9 submissions at issue today, without addressing the arguments, making notes or devising the strategy for response, it took me 23 minutes. I billed 24 minutes for the entire process. Mr. Vogel was not responsible for any of the responses he only needed to see what he received that is why his time would necessarily be less. Cleverly, as well, if you review the documents you will note that Defendant made slight changes to the rote language used in the Memorandums, so they had to be carefully scrutinized to address the subtle differences and how the argument applied to the reason for the individual 30(b)(6) witness. The Defendant said it took me 3.6 hours to review 9 one-paragraph Notices. Their 9 sets of documents involved 27 pleadings, were an inch thick and 188 pages. My time was justified. My time sheet stated the amount of paperwork involved and all documents reviewed were filed and are attached.

Please review the time sheet attached for the 11 deposition notices for the three days you referenced. 1.2 to determine dates and draft 5 notices is reasonable. 1.8 for determining dates and drafting depositions some with duces tecum, especially given the fact that the Defendants would not tell us the name of Ms. Burke, one of the deponents (I had to find her name going through the 3000 page claims file because they did not disclose her but listed later to testify at trial.) The remainder of the notices are reasonable, they are all billed according to the time taken to do them (some are at .1). My billings were not excessive. This was an exceedingly difficult and contentious case where misrepresentations were the order of the day, as they were in response to my time.

I take my reputation as a lawyer very seriously. I intend to have a long career ahead of me and when a judge insults my integrity, my honor as a professional, and in service to my clients, is at stake.

You were wrong to impute my character. I take some share of the blame for allowing Mr. Vogel to respond to accusations by counsel against me, instead of defending myself. I am as strict an advocate as exists, but I am very cognizant of my responsibilities to the Court. I did not and would never disregard them.

I will not be filing an objection because it would give Mr. Guebert a second opportunity to attack and cause a potentially bigger loss. I am not writing to ask that you reconsider your Findings concerning my fees. The sanction you levied was extraordinary, however, and the attack on my character unfair. I do not start my inquiry into a person's character based on her adversary's slur.

I respect your position, your experience, and you personally, given my experience with you. I hope you understand why I cannot sit and let what you have written stand without rebuttal.

Very truly yours,

VIGIL & VIGIL, P.A.

LISA K. VIGIL

LKV:pm
Enclosure: As indicated

cc:     The Honorable Bruce Black, w/o enclosures
        Steven J. Vogel, Esq., w/o enclosures
        Terry Guebert, Esq., w/o enclosures